```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICHARD ROCHE, FELIX ROCHE and ABDIEL F. AVILA | Civil Action No. 10-4360 (NLH) |
| Petitioners, |  |
| v. | **MEMORANDUM ORDER** |
| MICHELLE RICCI, |  |
| Respondent. |  |

This matter comes before the Court upon the Clerk's receipt of an application seeking habeas corpus relief ("Petition"), submitted pursuant to § 2254, and it appearing that:

1. The Petition names, as the petitioners in this action, three individuals: Richard Roche, Felix Roche and Abdiel Avila. See Docket Entry No. 1, at 1. The Petition, while asserting challenges to convictions of all three above-named individuals, is signed only by Richard Roche, not by Felix Roche or by Abdiel Avila. See id. at 5. Moreover, the Petition arrived accompanied only by in forma pauperis application of Richard Roche, and no in forma pauperis applications by Felix Roche and Abdiel Avila were included.[1]

2. Since the Petition challenges three different convictions,

---

[1] Later on, Abdiel Avila submitted a lump-sum total filing fee of $15.00. See Docket Entry No. 2.

Page -1-

     i.e., the convictions of Richard Roche, Felix Roche and Abdiel Avila, the Petition violates Habeas Rule 2(e) that requires filing of a new and separate petition with regard to each separate determination as to each inmate's fact or term of confinement.  Simply put, Richard Roche, Felix Roche and Abdiel Avila cannot file a joint petition challenging their individual convictions; rather, they must bring separate habeas actions, each challenging an individual conviction.

3. Since the Petition arrived accompanied by a duly executed in forma pauperis application of Richard Roche, this Court will grant in forma pauperis status to – and will reserve the instant matter for – Richard Roche, and will direct the Clerk to open two new matters, one for Felix Roche and one for Abdiel Avila, in order to enable Felix Roche and Abdiel Avila to bring their challenges in the event they so desire.[2]  The Court, however, stresses, that in order for Felix Roche's habeas application and Abdiel Avila's habeas application, to be considered properly filed, each must submit: a) a letter asking the joint fees previously submitted be applied to their respective petitions or a proper in forma pauperis application consisting of the petitioner's affidavit of poverty and

---

[2] The Court's decision to direct the Clerk to open new and separate matters for Felix Roche and Abdiel Avila shall not be construed as expressing the Court's opinion that the § 2254 petitions of Felix Roche and Abdiel Avila are procedurally proper or have merit.

       certified prison account statement for the six months preceding the filing, see 42 U.S.C. § 1914(a);[3] and (b) a separate habeas petition executed on either the pre-printed habeas petition form distributed by the Clerk or be drafted in accordance with the format prescribed by the Local Rules. See Habeas Rule 2(c).

4.    The Court now turns to the § 2254 challenges of Richard Roche raised in the Docket Entry No. 1, for the purposes of which challenges this matter is reserved.

5.    On April 24, 2008, petitioner named Richard Roche, having identification number "301406/135736," filed a § 2254 petition challenging his conviction and sentence. See Roche v. Ricci ("Roche-I"), 08-2073 (NLH) (D.N.J.). Since the first and last names, as well as the identification number, of petitioner Richard Roche in this action are the same, the Court concludes that the petitioner in Roche-I and petitioner Richard Roche in this matter is the same person (hereinafter "Roche").

6.    During the Roche-I proceedings before this Court, Roche was

---

[3] Since the Court has granted Richard Roche in forma pauperis status, collection of a filing fee would be improper for the purposes of this action. Since it appears that Abdiel Avila submitted $5.00 on behalf of Richard Roche, the Clerk will be directed to return that sum to Avila. The clerk will retain the remaining $10.00 submitted by Avila until such time as he and Felix Roche each submit: a) a signed petition and b) either a properly supported in forma pauperis application or letter stating they ask that $5.00 of the remaining submitted fees be applied to their respective petitions.

     duly advised of his Mason rights, and this Court made clear to him that a § 2254 habeas litigant is obligated to marshal all his habeas challenges to any particular determination in one, all inclusive petition. See id., Docket Entry No. 5.

7. Upon respondent's filing of her answer in Roche-I, this Court addressed Roche's 2254 challenges on the merits, dismissing the Roche-I petition. See id., Docket Entries Nos. 14 and 15. That decision was entered on July 16, 2009. See id. Consequently, the instant Petition represents a second/successive § 2254 application by Roche.

8. This Court, is without jurisdiction to entertain Roche's second and successive § 2254 petition unless the United States Court of Appeals for the Third Circuit grants Roche leave to file such second and successive § 2254 petition.

9. In a typical scenario, this Court would construe Roche's instant Petition as an application to the Court of Appeals seeking leave to file a second § 2254 petition, and would direct the Clerk, accordingly, to forward Roche's instant § 2254 application to the Court of Appeals. However, since Roche's is currently seeking leave to file an out-of-time appeal with regard to this Court's determination made in Roche-I, the Court finds the forwarding the instant petition would not be in the interests of justice. Therefore, the Court will dismiss the application at hand for lack of

jurisdiction without directing the Clerk to forward the instant application to the Court of Appeals.[4]  Accordingly,

IT IS on this   15th   day of     October    , 2010,

ORDERED that the § 2254 application docketed in this action as Docket Entry No. 1 is construed as an application filed solely by Richard Roche, and the Clerk shall terminate Felix Roche and Abdiel Avila as petitioners in this action; and it is further

ORDERED that Richard Roche's application to proceed in this matter in forma pauperis is granted; and it is further

ORDERED that the Richard Roche's petition, Docket Entry No. 1, is dismissed for lack of jurisdiction; and it is further

ORDERED that all motions filed in this matter are denied as moot; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"; and it is further

ORDERED that the Clerk shall open two new separate civil matters and assigned them to the undersigned; and it is further

ORDERED that, in each of these two new separate civil matters, the Clerk shall designate "Nature of Suit: 530 Habeas Corpus

---

[4] However, the Court stresses that the Court's decision not to forward the instant application to the Court of Appeals in no way precludes Roche from seeking leave from the Court of Appeals to file a successive petition.  This Court expresses no opinion on the procedural or substantive merits of such an application if made.

(General)"; "Jurisdiction: Federal Question" and "Cause: 28:2254 Petition for Writ of Habeas Corpus (State)"; and it is further

ORDERED that, in each of these two new separate civil matters, the Clerk shall designate "Warden of Petitioner's Place of Confinements" as respondent; and it is further

ORDERED that the Clerk shall designate "Felix Roche, #19799-050, USP Lee, P.O. Box 305, Jonesville, VA 24263" as the petitioner in the first new matter, and "Abdiel F. Avila, #636800/788891c, New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625" as the petitioner in the second new matter; and it is further

ORDERED that the Clerk shall docket this Order in the instant action and, in addition, in each of these two new matters; and it is further

ORDERED that the Clerk shall docket the petition filed in this matter (<u>i.e.</u>, in Civil Action No. 10-4360) and docketed as Docket Entry No. 1 (a ten-page document) in each of these two new matters,[5] accompanying such entry with the docket text reading "Petition for Writ of Habeas Corpus 28 U.S.C. 2254"; and it is further

---

[5] The Clerk shall not docket in either of these two new matters any other docket entry made in the instant matter, <u>i.e.</u>, the Clerk shall not docket in either of these two new matters the documents docketed in this action (<u>i.e.</u>, in Civil Action No. 10-4360) as Docket Entries Nos. 1-1 to 1-13, and Nos. 2, 3, 4, 5 or 6.

ORDERED that the Clerk shall terminate each of these two new matters by making a new and separate entry on both dockets reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; and it is further

ORDERED that petitioners Felix Roche and Abdiel Avila may have their respective matters reopened in the event they file, in their respective matters, their amended § 2254 petitions and either: a) a letter asking the Clerk to apply $5.00 of the previously submitted joint fees in satisfaction of the filing fee for their respective petitions or b) a duly executed in forma pauperis application.  Such submissions must be made within thirty days from the date of entry of this Order; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Order upon petitioner Richard Roche by regular U.S. mail; and it is further

ORDERED that the Clerk shall remit the amount of $5.00 to petitioner Abdiel Avila; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Order upon Petitioner Felix Roche  by regular U.S. mail.  The Clerk shall include in that mailing: (a) a copy of the docket sheet of the new and separate matter opened for Felix Roche; (b) blank § 2254 habeas form; and (c) blank application to proceed in forma pauperis for prisoners seeking to initiate habeas proceedings; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum

Order upon Petitioner Abdiel Avila by regular U.S. mail.  The Clerk shall include in that mailing: (a) a copy of the docket sheet of the new and separate matter opened for Abdiel Avila; (b) blank § 2254 habeas form; and (c) blank application to proceed <u>in forma pauperis</u> for prisoners seeking to initiate habeas proceedings.

                                             s/ Noel L. Hillman
                                             **NOEL L. HILLMAN**
                                 **United States District Judge**

At Camden, New Jersey