**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
RICHARD ROCHE,                      :
                                    :        Civil Action No.
                Petitioner,         :        10-4360 (NLH)
                                    :
        v.                          :
                                    :        **MEMORANDUM OPINION**
STATE OF N.J.                       :
LEGISLATURE, et al.,                :
                                    :
                Respondents.        :
_____:

**Hillman, District Judge**:

    This matter comes before the Court upon the Court of
Appeals' order staying appellate proceedings in this matter on
the basis of a certain filing made by the petitioner.  See Docket
Entry No. 17.

    For the reasons detailed below, this Court: (a) will presume
that the Court of Appeals' order staying the appellate
proceedings was entered in connection with the petitioner's
filing of the submission titled "Motion for Order Issue to Show
Cause," which this Court considers in conjunction with the
submission titled "Notice of Error," see Docket Entries Nos. 9
and 11; (b) will construe these submissions individually, and
taken together, as a motion for reconsideration filed in
accordance with the Federal Rule of Civil Procedure 59(e); (c)
deny such motion for reconsideration; and (d) expressly withdraw
its jurisdiction over this matter rendering it ripe for appeal.

TABLE OF CONTENTS

I.   Background

     A.   Roche-2241 Proceedings

          1.   Proceedings at the District Level

               a.   Initial Submission and Judgment

               b.   Post-Judgment Submissions

          2.   Proceedings at the Appellate Level

     B.   Instant Proceedings

          1.   Proceedings at the District Level

               a.   Initial Submission and Judgment

               b.   Post-Judgment Submissions

          2.   Proceedings at the Appellate Level

II.  DISCUSSION

     A.   Alternative Constructions Implicated by the Stay Order

     B.   Alternative Submissions Implicated by the Stay Order

          1.   "Notice of Rejection and Correction" Cannot Be
               Construed as Motion Referred-to in the Stay Order

          2.   Remaining Submissions Taken Together or
               Individually as Motion for Reconsideration

III. CONCLUSION

I.    **BACKGROUND**

The instant matter was commenced upon the Clerk's receipt of a petition submitted, pursuant to 28 U.S.C. § 2254, on behalf of three individuals, Richard Roche ("Richard"), Felix Roche ("Felix") and Abdiel Fermin Avila ("Avila").  See Docket Entry No. 1.  Although there was a multitude of actions initiated in this District by Richard and a substantial number of actions commenced by Avila, for present purposes it will suffice to detail the procedural and substantive history of only two actions, namely, the instant matter and its companion case, Roche at el. v. United States, Civil Action No. 10-4237 (DRD) ("Roche-2241").

A.    ***Roche-2241* Proceedings**

1.    **Proceedings at the District Level**

a.    **Initial Submission and Judgment**

The proceedings in Roche-2241 were initiated on August 17, 2010, upon the Clerk's receipt of a petition, submitted pursuant to 28 U.S. § 2241, on behalf of Richard, Felix and Avila.

Judge Dickinson R. Debevoise ("Judge Debevoise"), presiding over the Roche-2241 action, explained the shortcomings of the petition before him as follows:

> 1.    The Petition names, as Petitioners in this action, three individuals, namely Richard . . . , . . . Avila and Felix . . . .
> 2.    Since the Petition aims to challenge three different [citizenship determinations], the Petition violates Habeas Rule 2(e), which requires

> filing of a new and separate petition with regard
> to each separate determination.  In other words,
> Richard . . . , . . . Avila and Felix . . . cannot
> file a joint petition challenging their
> [citizenship status]; rather, they must bring
> separate habeas actions, each challenging an
> individual decision rendered with regard to each
> Petitioner.
>
> 3.  Moreover, to the extent Petitioners seek to
> challenge determinations made with regard to their
> naturalization, each such habeas challenge may be
> raised before this Court only with regard to the
> Attorney General's naturalization actually
> rendered decision (or failure to make a
> determination). . .

Roche-2241, Docket Entry No. 2, at 1-2 (citations omitted).

Therefore, Judge Debevoise ordered

> that the habeas application docketed in [Roche-2241
> was] construed as an application filed solely by
> Richard . . . , and the Clerk [was directed to]
> terminate . . . Avila and Felix . . . as Petitioners in
> [Roche-2241, and] Richard['s] . . . application to
> proceed in forma pauperis in [Roche-2241 was] granted;
> and the Petition [in Roche-2241 was] construed [by
> Judge Debevoise] as Richard['s] . . . individual
> petition [and] dismissed without prejudice to
> Richard['s] . . . filing of an amended petition . . .
> clearly identify[ing] the particular . . .
> determination Richard [was] wishing to challenge and,
> in addition, . . . clarify[ing] whether Richard['s] . .
> . challenges were duly presented to the Attorney
> General in accordance with the guidance provided in
> [the case law quoted by Judge Debevoise].

Id. at 2-3.

In addition, Judge Debevoise directed the Clerk to initiate

two new separate § 2241 actions, one for Felix and another for

Avila, and provided both Felix and Avila with opportunities to

file their respective amended § 2241 petitions, together with

their own respective applications to prosecute their individual

matters <u>in forma pauperis</u>.  <u>See id.</u> at 3-5.

**b.   Post-Judgment Submissions**

The following submissions were made in <u>Roche-2241</u> after the entry of Judge Debevoise's decision:

1.   Felix filed a letter in <u>Roche-2241</u>, reading as follows:

> Now comes, Petitioner, Felix Roche, . . . to request of this honorable court to withdraw all legal papers submitted on my behalf by my brother, Richard Roche, including but not limited to the habeas corpus and any other paper . . . .

<u>Roche-2241</u>, Docket Entry No. 6.

2.   Richard also made filings in <u>Roche-2241</u>.  One of these filings was Richard's notice of appeal, <u>see id.</u> Docket Entry No. 7, while another filing was a document titled "Notice of Rejection and Correction."  <u>See id.</u> Docket Entry No. 5.  The latter arrived together with Richard's "Certification in Support of Notice of Rejection and Correction."  <u>See id.</u> at 2-12.  The "Notice" and accompanying "Certification" indicated: (a) Richard's disagreement with Judge Debevoise's findings; and (b) Richard and Avilas's participation in the sovereign citizen movement.[1]  <u>See id.</u>

---

[1]  "'[S]overeign citizens' wage war against the government and other forms of authority using 'paper terrorism' harassment and intimidation tactics, and occasionally resorting to [physical] violence." Sovereign Citizen Movement, Anti-Defamation League, at <<http://www.adl.org/Learn/ext_us/SCM.asp?LEARN_Cat=Extremism&LEARN_SubCat=Extremism_in_America&xpicked=4&item=sov>> (visited on Mar. 31, 2011).

##          2.    Proceedings at the Appellate Level

In Roche-2241, the Court of Appeals addressed Richard's appellate challenges, holding as follows:

> Richard . . . , . . . Avila, and Felix . . . jointly
> filed a document in District Court, requesting that
> their citizenship status be corrected . . . since
> Richard . . . and Avila [are] renouncing their United
> States citizenship.  The District Court interpreted the
> pleading as challenging three separate . . .
> naturalization decisions and determined that each
> petitioner should file a separate pleading. . . . [T]he
> District Court construed the pleading as a habeas
> petition filed solely by Richard . . . , terminated
> Avila and Felix . . . as parties, and ordered that the
> Clerk open two separate civil matters for the
> terminated parties.  The District Court dismissed
> Richard['s] petition without prejudice to his filing of
> an amended petition that clearly identified the
> particular naturalization determination he wished to
> challenge, noting that district courts have limited
> authority to review challenges to naturalization
> determinations. . . . Richard . . . did not file an
> amended petition.  Instead, he filed a notice of
> rejection and correction, stating that he rejected the
> District Court's [decision].  Richard [also] filed a
> notice of appeal. . . . [Richard's notice of rejection
> and correction filed in response] to the District
> Court's order does not constitute a motion for
> reconsideration . . . .  Although his initial pleading
> was dismissed without prejudice, [since Richard]
> rejected the District Court's [determination,] failed
> to file an amended pleading within [the prescribed
> period of time], and filed a notice of appeal,
> [Richard's actions indicate] his intention to stand on
> his initial pleading.  See Borelli v. City of Reading,
> 532 F. 2d 950, 951-52 (3d Cir. 1976).  The District
> Court properly dismissed [Richard's] petition.  Because
> district courts have limited jurisdiction over
> citizenship and nationality claims, see 8 U.S.C. §
> 1252(b)(5), and Richard . . . failed initially and
> refused to amend to clearly explain his citizenship and
> naturalization claims, the District Court was unable to
> determine whether it had authority to act on
> [Richard's] pleading.  Accordingly, the District Court
> properly dismissed the petition . . . .  As no

substantial question is presented in this appeal, we
will affirm the District Court's order dismissing
[Richard's] petition.

Roche v. AG United States, 2011 U.S. App. LEXIS 5773 (3d Cir.

N.J. Mar. 21, 2011) (Court of Appeals' opinion) (footnoted text

incorporated in the main text); see also Roche-2241, Docket Entry

No. 9 (Court of Appeals' order, accompanying the mandate).

    **B.**   **Instant Proceedings**

        **1.**   **Proceedings at the District Level**

            **a.**   **Initial Submission and Judgment**

On August 19, 2010, that is, just two days after

commencement of Roche-2241 proceedings, the Clerk received

another habeas application submitted jointly on behalf of

Richard, Felix and Avila.  See Docket Entry No. 1.[2]  That new

application, however, invoked Section 2254 as its jurisdictional

basis, even though it challenged -- much like in Roche-2241 --

Richard, Felix and Avila's individual criminal convictions.[3]

---

   [2] All references to docket entries in this matter are made
without additional designations.  Therefore, any reference
reading "see Docket Entry No. XYZ"" shall be presumed to mean
"see Instant Matter, Docket Entry No. XYZ."

   [3] The Superior Court of New Jersey, Appellate Division,
summarized the facts underlying Richard's state conviction as
follows:

   [Richard] traveled from Puerto Rico to Camden because
   he was hired to kill Eric Coleman, a police informant.
   [Richard] was paid $5000.  Coleman was shot on December
   24, 1994, and died of multiple gun shot wounds.  On
   March 24, 1998, [Richard] entered into a negotiated
   plea agreement with the State.  In exchange for

This Court, therefore, issued a decision which: (a) explained to Richard, Felix and Avila that they could not challenge three separate convictions in the same habeas petition and, and reserving the instant matter solely for Richard's challenges, directed the Clerk to terminate Avila and Felix as parties in this matter and to open two separate civil matters for these terminated parties, where they could submit their individual amended petitions;[4] and (b) dismissed Richard's § 2254 application on the following grounds:

> The Court now turns to § 2254 challenges of Richard . . . . On April 24, 2008, petitioner named Richard Roche, having identification number "301406/135736," filed a § 2254 petition challenging his conviction and sentence. See Roche v. Ricci ("Roche-I"), 08-2073 (NLH) (D.N.J.). Since the first and last name, as well as the identification number, of . . . Richard . . . in this action are the same, the Court concludes that the petitioner in Roche-I and . . . Richard . . . in this matter is the same person . . . . During the Roche-I
>
> [Richard's] guilty plea to first-degree murder . . . , the State agreed to dismiss the other counts in the indictment, and to recommend a sentence of life imprisonment with a thirty-year parole ineligibility period, to be served concurrently with [Richard's 600 months] federal sentence, which had been imposed on March 18, 1997, on charges pursuant to the Racketeer Influenced and Corrupt Organizations Act . . . .

Roche v. Ricci, Civ. Action No. 08-2073 (D.N.J.), Docket Entry No. 14, at 2 (quoting the Appellate Division).

[4] Judge Debevoise's determination in Roche-2241, entered after this Court's ruling in this action, expressly adopted both the rationale for, and mode of, severance employed by this Court with regard to Richard, Felix and Avila's self-joinder of habeas challenges. See Roche-2241, Docket Entry No. 2, at 2 (expressly relying on this Court's determination in the instant matter).

proceedings before this Court, [Richard] was duly
advised of his <u>Mason</u> rights, and this Court clarified
to him that a § 2254 habeas litigant was obligated to
marshal all his <u>habeas</u> challenges to any particular
determination in one, all inclusive petition.  Upon
respondent's filing of her answer in <u>Roche-I</u>, this
Court addressed [Richard's] 2254 challenges on merits,
dismissing the <u>Roche-I</u> petition.  That decision was
entered on July 16, 2009.  Consequently, the instant
Petition represents a second/successive § 2254
application by [Richard].  This Court [therefore], is
without jurisdiction to entertain [Richard's instant] §
2254 petition unless the United States Court of Appeals
for the Third Circuit grants [Richard] leave to file
such second/successive § 2254 petition.  In a typical
scenario, this Court would construe [Richard's] instant
Petition as an application to the Court of Appeals
seeking leave to file a second/successful § 2254
petition, and would direct the Clerk, accordingly, to
forward Roche's instant § 2254 application to the Court
of Appeals.  However, since [Richard] is currently
seeking leave to file an out-of-time appeal with regard
to this Court's determination made in <u>Roche-I</u>, the
Court finds such forwarding not in the interests of
justice.  Therefore, the Court will dismiss the
application at hand for lack of jurisdiction without
directing the Clerk to forward the instant application
to the Court of Appeals.  However, the Court stresses
that the Court's decision not to forward the instant
application to the Court of Appeals in no way precludes
[Richard] from seeking leave from the Court of Appeals
to file a successive petition.  This Court expresses no
opinion on the procedural or substantive merits of such
an application if made.

Docket Entry No. 8, at 3-5 (citations to docket entries omitted,

footnoted text incorporated in the main text).

### b.    Post-Judgment Submissions

Just as in <u>Roche-2241</u>, Richard made post-judgment filings in

the instant matter.  These filings could be roughly subdivided

into two groups:

1.   documents seemingly filed in conjunction with Richard's

election to appeal this Court's decision, <u>see</u> Docket Entries Nos. 12-14 (seeking leave to proceed <u>in forma pauperis</u> on appeal and to file appeal out of time, as well as to file a "notice of appeal <u>nunc pro tunc</u>"); and

2.   documents expressing Richard's displeasure with this Court's substantive determination and administrative measures.  <u>See</u> Docket Entries Nos. 9-11.  Specifically:

    a.   One of this post-judgment documents is "Notice of Rejection and Correction," which arrived together with Richard's "Certification in Support of Notice of Rejection and Correction," <u>see</u> Docket Entry No. 10; this submission is identical in all substantive respects to the post-judgment "Notice of Rejection and Correction" and accompanying "Certification in Support of Notice of Rejection and Correction" filed by Richard in <u>Roche-2241</u> and, with regard to which, the Court of Appeals expressly found that such document cannot qualify as a valid post-judgment motion.  <u>See Roche</u>, 2011 U.S. App. LEXIS 5773, at *2, n.2.

    b.   The second post-judgment document presents a compilation of submissions, <u>see</u> Docket Entry No. 9, and includes: (I) Richard's cover letter; (ii) Richard's submission entitled "In Admiralty - Question Presented" (iii) Richard's submission "In Admiralty - Notice of

Motion for Order Issue to Show Cause"; (iv) an "In

Admiralty - Motion for Order Issue to Show Cause"; (v)

an "In Admiralty - Motion to Order Respondent to File

and Serve Answers"; and (vi) Richard's certificate of

service.  <u>See</u> <u>id.</u>  While these submissions are too

massive for replication in this Opinion, a quotation of

a few excerpts appears warranted:

COMES NOW, Richard Roche, before this court "in
behalf" of the persons in custody as authorized
pursuant to 28 U.S.C. § 2254(a) to move at the
United States District Court, For The District of
New Jersey pursuant to 28 U.S.C. § 2254, seeking a
Writ of Habeas Corpus, issue to release the corpus
of the common law, man, to wit: Richard Roche,
hereby Presents the following questions: 1. Did
the Superior Court of new Jersey, Hold adequate
proceedings against the 'held' men in custody? 2.
Does the state statutes, carry any definition as
to a 'man' within the term of "person"?  3. Does
the Judgment of Convictions, and Final Judgment of
Divorce carry any express statutory citation as to
subject matter jurisdiction and of any
authentication? 4. Was the CDR-27 Warrants of this
case 'authenticated' in accordance with law and
conforming to the constitutional guarantees of the
fourth Amendment of the United States Constitution
and its counterpart at Article I, Paragraph 7, of
the new Jersey Constitution? . . .
. . .
COMES NOW, Richard Roche, Comes by 'special
appearance', movant, for 'all' Petitioners of
record, moving before This Court "in behalf of the
persons in custody pursuant to a judgment of a
state court pursuant to 28 USC § 2254(c). Default
hearing is set for 10/18/10 There seems to be NO
OPPOSITION by the state having not answered or
rebutted any of the claims in the pleadings of
record by the state Attorney General and all other
respondents in any of the pleadings and the brief,
their Silence is acquiescence, and The petitioner
demands judgment and the release of the corpus

body This motion seeking a Writ or Order Issue to
Show Cause to the person having Custody of the
person detained pursuant to 28 USC § 2243 it shall
be returned within 3 days unless for good cause
additional time not exceeding 20 days is allowed
is appropriate since there seems to be a "tolling"
and undisclosed extension to render judgment in
favor of the petitioner NOW DUE, however
respectfully further state: 1. Each of the
petitioners seek issuance of Writ habeas corpus on
the grounds that the petitioner's confinement
violates the constitutions, laws an treaties of
the united States. 28 USC 2254(a) 2. the
constitution provides: "the privilege of the writ
of Habeas Corpus shall not be suspended, unless
when in cases of rebellion or invasion the public
safety may require it'. U.S. Const. Art. I § 9,
Cl. 2. . . .

Id. (punctuation, capitalization, etc. as in original).

c.   The third post-judgment document, see Docket Entry No.

11, includes: (I) a document entitled "In Admiralty -

Notice of Error"; and (ii) Richard's "Certification" in

support of such "Notice of Error." See id.

(I)   The "Notice" reads as follows:

TAKE NOTICE, Richard Roche, Sui Juris, a
Citizen of New Jersey state, one of the Union
of Several States party to the Constitution
of the United States, "we the people" for
"all defendants", who are also "all
petitioners" moving also "in behalf" 28 USC §
2254(c) before this court pursuant to 28 USC
§ 2254, submits this Notice of Error to
Counter-Claim the previous citation of Habeas
Rule 2(e) as part of its decision to close
the Instant Case.

Id. at 1 (as in the original, except bolding removed).

(ii) the accompanying "Certification" which contends

that:

-- this Court's determination was not "lawful" because Richard believes it was "conflicting, confusing, and contradictory";

-- Habeas Rule 2(e) must be read as allowing adjudication of habeas challenges (pertaining to different convictions of different individuals) in the same habeas action, as long as these underlying state convictions were rendered by the state court, which is sitting in the same county;

-- this Court has no jurisdiction or standing to enforce Habeas Rule 2(e); and

-- this Court is obligated to apply "admiralty" jurisdiction to Richard's claims.

Id. at 2-3.

### 2. Proceedings at the Appellate Level

As noted supra, Richard filed appellate challenges with regard to both Roche-2241 and the instant matter.  On the same day it affirmed the determinations made in Roche-2241, the Court of Appeals entered an order as to Richard's appeal in this matter, reading, it its entirety, as follows:

It appearing that a timely post-decision motion of a type specified by Fed. R. App. P. 4(a)(4), is pending in the District Court, it is hereby ORDERED that the above-entitled appeal(s) is(are) stayed pending disposition of the motion.  The parties are directed to file written reports addressing the status of the pending motion on 04/20/2011 and every thirty (30) days thereafter until the last motion is decided.  The stay will automatically expire upon entry of the order disposing of the last post-decision motion.  This stay does not apply to the obligation to pay filing and docketing fees or the filing of the case opening forms. These obligations must be fulfilled within the time specified by the Federal Rules of Appellate Procedure and Third Circuit Local Appellate Rules.  It should be noted that, pursuant to Fed. R. App. P. 4(a)(4)(B)(ii),

> any party who wishes to challenge the order disposing
> of the post-decision motion must file a notice of
> appeal, or an amended notice of appeal.  The notice of
> appeal or amended notice of appeal must be filed within
> the time prescribed by Fed. R. App. P. 4(a), measured
> from the date of entry of order disposing of the last
> remaining post-decision motion.

Docket Entry No. 17 ("Stay Order") (emphasis removed).

## II.  DISCUSSION

### A.   Alternative Constructions Implicated by the Stay Order

Subsection (4) of Rule 4(a) of the Rules of Appellate Procedure envisions six different options and reads, in its entirety, as follows:

> (4)   Effect of a Motion on a Notice of Appeal.
>       (A)  If a party timely files in the district court
>            any of the following motions under the
>            Federal Rules of Civil Procedure, the time to
>            file an appeal runs for all parties from the
>            entry of the order disposing of the last such
>            remaining motion:
>            (I)     for judgment under Rule 50(b);
>            (ii)    to amend or make additional factual
>                    findings under Rule 52(b), whether
>                    or not granting the motion would
>                    alter the judgment;
>            (iii)   for attorney's fees under Rule 54
>                    if the district court extends the
>                    time to appeal under Rule 58;
>            (iv)    to alter or amend the judgment
>                    under Rule 59;
>            (v)     for a new trial under Rule 59; or
>            (vi)    for relief under Rule 60 if the
>                    motion is filed no later than 28
>                    days after the judgment is entered.

Fed. R. App. P. 4(a)(4).

Since the Court of Appeals, in its Stay Order, did not expressly state whether this Court shall construe Richard's post-

judgment application(s) as motion(s) under Rule 52(b) (<u>i.e.,</u> for amended or additional findings); under Rule 59(e) (<u>i.e.,</u> to alter or amend the judgment), or under Rule 60 (<u>i.e.,</u> for relief from a judgment), this Court will examine each in turn.

### B.   Alternative Submissions Implicated by the Stay Order

As noted <u>supra</u>, in addition to the submissions made in this matter in connection with his appeal, Richard made three post-judgment submissions.  <u>See</u> Section (I)(B)(1)(b) of this Opinion (detailing the content and replicating excerpts of Richard's "Notice of Rejection and Correction," "Notice of Motion for Order Issue to Show Cause" and "Notice of Error").

### 1.   "Notice of Rejection and Correction" Cannot Be Construed as Motion Referred-to in the Stay Order

It appears quite certain that Richard's submission, docketed in this matter as Docket Entry No. 10 and titled "Notice of Rejection and Correction," was not intended by the Stay Order to operate as the submission triggering Rule 4(a) considerations and warranting stay of Richard's appellate proceedings.

This is so simply because an identical post-judgment submission was: (a) filed by Richard in <u>Roche-2241</u>; and (b) expressly found by the Court of Appeals to be an application not warranting stay.  <u>See Roche</u>, 2011 U.S. App. LEXIS 5773, at *2 and n.2.  Therefore, the Court concludes that Docket Entry No. 10, Richard's "Notice of Rejection and Correction," necessarily falls outside the mandate of the Stay Order.

### 2.   Remaining Submissions Taken Together or Individually as Motion for Reconsideration

Another submission made by Richard, Docket Entry No. 11, was titled "Notice of Error."  We construe this submission individually, or jointly with Richard's "Motion for Order Issue to Show Cause," as a motion for reconsideration under Rule 59(e).

A motion for reconsideration is a device of limited utility. There are four basic grounds upon which a motion for reconsideration  may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law.  <u>See</u> 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); <u>see also</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert.</u> <u>denied</u>, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  <u>Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp.</u>, 996 F. Supp. 409, 442 (D.N.J. 1998).

In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for

reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).  Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion," Assisted Living, 996 F. Supp. at 442, "motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

There is no question that Habeas Rule 2(e) dictates that each habeas challenge has to be taken from a particular, single determination and, thus, a litigant cannot "bundle" together a multitude of adverse determinations entered against him at different times or with regard to different offenses, just as the litigant cannot "bundle" his habeas challenges with habeas challenges of other litigants aggrieved by determinations entered against them.  The rationale of the Rule is self-evident: it

ensues from the strict procedural requirements posed by the
habeas statute, such as exhaustion (and, in case of § 2254
challenges, timeliness) of each habeas petition, from the
jurisdictional bar against § 2254 second/successive petitions and
the policy-based bar on § 2241 applications abusing the writ, as
well as from the narrow scope of habeas review, which necessarily
turns on the unique facts underlying each particular
determination challenged in each particular habeas action,
whether it is a § 2241 or § 2254 matter.  Therefore, we reject
Richard's contention that habeas challenges can be "bundled up,"
as long as the different underlying determinations were rendered
by the same vicinage of the same court.

Importantly, Habeas Rule 2(e), if properly applied, cannot
yield a dismissal on the merits or disfranchise a litigant from
his or her day in court.  Rather, the application of the Rule
necessarily produces a wholly administrative function, i.e., it
causes a dismissal without prejudice and, where applicable,
creation of new individual action, either for each litigant
challenging his conviction/administrative finding or for each of
the litigant's challenges as to his or her different convictions/
administrative determinations.

That was exactly the case in both Roche-2241 and the instant
matter, where both Judge Debevoise and this Court terminated
Felix and Avila as petitioners and created individual § 2241 and

§ 2254 actions for these litigants, while reserving the originally commenced actions for Richard's § 2241 claims (in Roche-2241) and Richard's § 2254 challenges (in the instant matter).  Any motion to reconsider that aspect of this Court's prior opinion and order is denied.

Richard's convoluted Motion for an Order to Show Cause is equally without merit.  Here Richard contends among other nonsensical arguments:

> [d]oes the state statutes, carry any definition as to a 'man' within the term of "person"?  Does the Judgment of Convictions, and Final Judgment of Divorce carry any express statutory citation as to subject matter jurisdiction and of any authentication?  Was the CDR-27 Warrants of this case 'authenticated' in accordance with law and conforming to the constitutional guarantees of the fourth Amendment of the United States Constitution and its counterpart at Article I, Paragraph 7, of the new Jersey Constitution? . . . Richard Roche, Comes by 'special appearance', movant, for 'all' Petitioners of record, moving before This Court "in behalf of the persons in custody pursuant to a judgment of a state court pursuant to 28 USC § 2254(c). Default hearing is set [by Richard] for 10/18/10 There seems to be NO OPPOSITION by the state having not answered or rebutted any of the claims in the pleadings of record by the state Attorney General and all other respondents in any of the pleadings and the brief, their Silence is acquiescence, and The petitioner demands judgment and the release of the corpus body . . . .

Docket Entry No. 9 (as in original).

Here, the Court's determination that Richard's petition was subject to dismissal was reached on one, and only one, ground: this Court's lack of jurisdiction to entertain Richard's second/ successive § 2254 application.  No statement made in Richard's

"Motion for Order Issue to Show Cause" (or, for that matter, in any of Richard's post-judgment submissions) changes the fact that Richard, upon being given <u>Mason</u> notice, had already had his § 2254 challenges adjudicated on merits.  He cannot file a second/successive § 2254 application without leave of the Court of Appeals.

Richard's statements articulated in his post-judgment submissions fail to assert any manifest errors of law or fact, fail to present any newly-discovered or previously unavailable evidence, and fail to show any change in prevailing law as to either the existence or the scope of this well-established jurisdictional bar.  Therefore, to the degree that Richard's "Motion for Order Issue to Show Cause" (or any other Richard's post-judgment submission) can be construed as a motion for reconsideration, it is determined to be without merit and such a motion is denied.

### III. CONCLUSION

For the foregoing reasons, all of Richard's post-judgment submissions are either applications falling outside the scope of the Stay Order or are motions not warranting relief under Rules 52, 59 or 60.  Therefore, they will be denied.

In light of the Stay Order's reference to submissions that should be made by all parties upon this Court's conclusion of its instant review, the Court will direct complimentary service of

this Opinion and accompanying Order on the Attorney General for the State of New Jersey and on the United States Attorney for the District of New Jersey, since these persons' respective Offices are legal representatives of the entities named, albeit improperly, as Respondents in this matter.

An appropriate Order accompanies this Opinion.


_____/s/ Noel L. Hillman_____
**NOEL L. HILLMAN**
**United States District Judge**

Dated: April 25, 2011
At Camden, New Jersey